IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY ALAN WIELAND,<br>  Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:14-CV-4039-G-BK |
| | § | |
| ASHTON CARTER, Secretary of Defense,<br>  Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  Now before the Court are Defendant's *Motion to Dismiss*, Doc. 7, and Plaintiff's *Motion for Continuance*, Doc. 11.  For the reasons that follow, it is recommended that Defendant's motion be **GRANTED** and Plaintiff's motion be **DENIED**.

**I.  BACKGROUND**

This case arises out of *pro se* Plaintiff Gary Wieland's suit against Defendant Ashton Carter, Secretary of Defense, Army & Air Forces Exchange Services ("AAFES").  Doc. 3 at 1. Plaintiff seeks damages for remarks made by government employees during hearings before the Equal Employment Opportunity Commission ("EEOC") and the AAFES, which he alleges were defamatory, slanderous, or libelous.  Doc. 3 at 1-2.  After his termination from the AAFES, Plaintiff filed a formal complaint with the EEOC alleging discrimination.  Doc. 7 at 2. Following hearings -- at which the aforementioned remarks were allegedly made -- and investigation, the EEOC found no discrimination and later denied Plaintiff's appeal of the ruling. Doc. 7 at 2.  Three months after the EEOC's disposition, Plaintiff filed this case alleging tort claims under the Federal Tort Claims Act ("FTCA").  Doc. 3 at 1.  Defendant now moves to

dismiss Plaintiff's claim on jurisdictional grounds, and Plaintiff seeks a continuance.  Doc. 7 at 1; Doc. 11 at 1.

## II.  DISCUSSION

Defendant has moved for dismissal under Rule 12(b)(1) on the grounds that the Court lacks jurisdiction under the FTCA.  Doc. 7 at 2-6.  Specifically, Defendant notes the FTCA's jurisdictional requirement that a claimant first exhaust his administrative remedies by bringing his claim to the appropriate federal agency before seeking relief in federal court.  Doc. 7 at 3-6.  Because Plaintiff failed to first present his tort claim to the AAFES, Defendant argues that the Court lacks jurisdiction.  Doc. 7 at 6.

Plaintiff responds that he is making a discrimination claim, not a tort claim.  Doc. 9 at 1.  Consequently, jurisdiction is granted by the "Statement of Rights on Appeal" ("the Statement"), which accompanied the EEOC's denial of Plaintiff's discrimination claim and states that Plaintiff "[has] the right to file a civil action in an appropriate United States District Court within ninety…days from the date that [he] [receives] this decision."  Doc. 9-1 at 1-2.

In reply, Defendant maintains that this is a tort claim, rejecting Plaintiff's attempts to label it as anything different.  Doc. 10 at 1-2.  In support, Defendant notes that Plaintiff alleges AAFES employees "defamed…slandered or libeled" his character, and in his civil cover sheet he designated the "Nature of Suit" as "Assault, Libel & Slander."  Doc. 10 at 2.  Further, Defendant argues that Plaintiff's right to file an action in U.S. District Court relates to the discrimination claim that was the basis for his hearing before the EEOC, not to Plaintiff's tort claim.  Doc. 10 at 1.  Therefore, because Plaintiff failed to first file his tort claim with the AAFES, the Court lacks jurisdiction.  Doc. 10 at 2.

In an effort to exhaust his administrative remedies, Plaintiff claims that he has filed a "Standard Form 95" concerning his FTCA claim with the appropriate agency. Doc. 11 at 1-2. He now seeks a continuance until the adjudication of that claim. Doc. 11 at 1-2. The government opposes that request. Doc. 12.

A plaintiff may only sue the United States if its sovereign immunity is explicitly waived by a federal statute. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012). The FTCA is the exclusive waiver of sovereign immunity for tort claims against the United States and its agencies. *See* 28 U.S.C. §§ 1346, 2679(a). However, exhaustion of administrative remedies is a jurisdictional prerequisite under the FTCA. *See* 28 U.S.C. § 2675(a). Specifically, before bringing suit in federal court, a claimant must first file an administrative claim with the appropriate federal agency and either obtain a written denial or wait six months after which time the agency's failure to rule is deemed a final denial of the claim. 28 U.S.C. § 2675(a). A claimant "may not base any part of a tort action against the United States on claims not presented to the appropriate administrative agency." *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980). Under the FTCA, failure to file an administrative claim against the appropriate agency strips the federal court of jurisdiction. 28 U.S.C. § 2675(a); *Rise*, 630 F.2d at 1071.

Accordingly, the plain language of section 2675 compels dismissal of Plaintiff's claim for want of jurisdiction. First, Plaintiff's attempt to re-characterize his complaint as a discrimination claim is unavailing. Plaintiff plainly asserts in his complaint that AAFES employees "defamed…slandered or libeled" his character, even classifying his claim as one involving "Assault, Libel & Slander." Doc. 3 at 1, 3. Plaintiff's complaint, even when liberally construed, fails to identify any claim of discrimination. Doc. 3. In fact, Plaintiff's current tort

claims concern discrimination only to the extent that his original discrimination claim provided the factual context within which the allegedly defamatory, slanderous, or libelous remarks occurred.  Second, Plaintiff's argument in support of jurisdiction is predicated on the Statement from the EEOC following disposition of Plaintiff's discrimination claim.  Doc. 9 at 2.  However, Plaintiff conflates his right to bring a discrimination claim in federal court with his right to bring a tort claim in federal court.  While the Statement granted Plaintiff the ability to bring his discrimination claim in U.S. District Court, it did not grant him the right to bring a separate and unrelated tort claim without first exhausting the administrative remedies required by the FTCA.  Third, Plaintiff has failed to show that his tort claim was filed with the AAFES prior to bringing the current suit.  Because Plaintiff's tort action against the United States is based on claims not first presented to the AAFES, the Court lacks jurisdiction.  See *Rise*, 630 F.2d at 1071.  Consequently, without jurisdiction over Plaintiff's tort claim, the Court has no grounds to grant Plaintiff's *Motion for Continuance*.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant's *Motion to Dismiss* be **GRANTED**, and that Plaintiff's *Motion for Continuance* be **DENIED**.

**SO RECOMMENDED** on July 15, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* [28 U.S.C. § 636(b)(1)](#); [FED. R. CIV. P. 72(b)](#).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See* [*Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)](#).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5